# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50592

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERT NICHOLAS BROOKS

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 5:10-CR-536-1 and 5:12-CR-666-1

Before HIGGINBOTHAM, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

A jury convicted Robert Brooks of one count of conspiracy to commit mail fraud and seven counts of mail fraud in connection with a scheme to defraud mortgage lenders. The jury also convicted Brooks of two counts of tax fraud. Brooks appeals from his convictions and sentences, arguing: (1) that the evidence is insufficient to support the jury's verdict on each count; (2) that the district court improperly admitted unauthenticated documents and testimony in violation of his Sixth Amendment confrontation right; and (3) that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50592

district court misapplied a sentencing enhancement for "sophisticated means" under U.S.S.G. § 2B1.1(b)(10)(C). The government concedes the evidence is insufficient to support the jury's verdict on one of the counts of mail fraud—specifically, Count Three as charged in the grand jury's indictment of Brooks dated June 16, 2010.[1] We agree. Having independently reviewed the record evidence, we find it sufficient to support the jury's verdict on all remaining counts.[2] Finding Brooks' other arguments to be without merit, we vacate Brooks' conviction and sentence as to Count Three and affirm Brooks' other convictions and sentences.

VACATED in part and AFFIRMED in part.

---

[1] R. at 54-55.

[2] *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) ("[R]eviewing courts must affirm a conviction if, after viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))).